HARTSHORNE, PLAINTIFF-APPELLANT, *v.* HARTSHORNE, DEFENDANT-APPELLEE.

Ohio Appeals, Seventh District, Columbiana County.

No. 792.  Decided November 18, 1959.

Mr. *Milton S. Geiger*, for plaintiff-appellant.
Messrs. *Riddle & Riddle*, for defendant-appellee.

*Per Curiam.* While seven errors are assigned they all revolve around the one single question as to whether the trial court had jurisdiction to make any orders respecting Robert Earl Goshorn and Joyce Goshorn, minor children of the plaintiff-appellant by a previous marriage.

The appellant filed her petition in the court of common pleas against the appellee praying for divorce, custody of their two minor children, alimony support and other equitable relief.

The appellee filed his answer thereto and a cross-petition praying for divorce, custody of the minor children of the parties, reasonable alimony out of their property and equitable relief.

In due time trial was had on the petition and second amended answer and cross-petition, and the court found against the plaintiff-appellant, dismissed her petition and granted the defendant-appellee on his second amended cross-petition a divorce, awarded the custody of their two minor children to him; and the court went further and found that the plaintiff:—

"* * * Iona Hartshorne is an unfit person to have the custody of her other two minor children, Robert Earl Goshorn and Joyce Goshorn, and therefore awards temporary custody of said minor children to the Welfare Department of Columbiana County, pending disposition of said children by the Juvenile Court of Columbiana County, in accordance with Sections 2151.01 to 2151.54, inclusive, Revised Code (see Sections 3105.21, 3109.04 and 2153.23A 1 and 2 and D, Revised Code)."

The trial court further ordered plaintiff-appellant to pay to the person or department having custody of Robert and Joyce Goshorn $10.00 per week for their support, and in the event of the sale of the twenty acre farm in Knox Township, which was jointly owned by the parties, that the net proceeds of her undivided one-half interest, after the payment of all liens and encumbrances, be paid to the person or organization having custody of the two Goshorn children for their support.

The court further ordered that so much of the case as pertains to the Goshorn children be certified to the Juvenile Court for further proceedings, as provided by Sections 3109.04, 2151.01 and 2151.54, Revised Code.

The plaintiff-appellant in her brief on page two states:—

"No mention was made in the petition nor the other pleadings in this action of Robert Earl Goshorn and Joyce Goshorn, children of plaintiff-appellant herein by a previous marriage."

On page two in defendant's cross-petition he alleges:—

"Defendant further says that plaintiff has neglected her children by a former marriage and the children of the parties hereto. * * *."

Further down in his cross-petition defendant says:—

"* * * that he has attempted in every way to make a good home for his children and his wife's children by a former marriage * * *."

These same allegations appear in substance, if not in actual words, in his amended cross-petition and in his second amended cross-petition.

We determine that the Goshorn children were mentioned in the pleadings in this action, their mother was properly before the trial court.

The question then arises as to whether or not this is sufficient to give the court jurisdiction over the two children involved here.

Section 3105.21, Revised Code, gives the court jurisdiction over "the children of the marriage." We cannot find in those words any authority for any action as to children of one party but not "of the marriage." It follows that Section 3105.21, Revised Code, would likewise not be applicable since that is a procedural statute for the disposition of children before the court under Section 3105.21, Revised Code.

We find further that under Section 2151.23 (A), Revised Code, "the juvenile court has *exclusive original* jurisdiction under the Revised Code. (1) Concerning any child who is * * * neglected * * *."

This excludes action by *any other* court not explicitly given jurisdiction.

Under Section 2151.27, Revised Code, we find that "any person having knowledge of a child * * * who appears to be * * * neglected * * * may * * * file a sworn complaint * * *," with the juvenile court.

In Columbiana County the Juvenile Court is a division of the Probate Court.

The Common Pleas Court of Columbiana County certified its record to the Juvenile Court. Since the purpose of filing a complaint with the Juvenile Court is to bring the matter to

that court's attention, we find that this certification, to all intents and purposes, amounted to the filing of a complaint. It will be noted that "*any person* having knowledge" can file such a complaint.

In accordance with the above, we find that the Common Pleas Court did not have jurisdiction over the two children of the plaintiff by her first marriage and could make no orders regarding them, or their custody, but properly turned the matter over to the Juvenile Court.

We find further that, although the trial court had both the mother and the property under his jurisdiction, he had no power to order the mother's share of said property turned over to anybody for the support of the children.

However, we are unable to overrule the common pleas court on any of its actions and the appellant cannot prevail in any part of her appeal because she failed to comply with Section 3109.07, Revised Code, which provides:—

"An appeal to a higher court may be had upon the appellant's giving bond, * * * approved by the court from whose decree the appeal is taken, * * *."

This is a prerequisite to the perfecting of the appeal and is the only method by which an appeal in these domestic relation cases may be effected.

For the above reasons the plaintiff-appellant's appeal is dismissed, and the judgment and decree of the trial court is affirmed. Judgment affirmed.

GRIFFITH, P. J., PHILLIPS and DONAHUE, JJ., concur.